## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Joey Keller et al.

v.

James Woods et al.

June 26, 1995

Case No. C93-289

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this chancery suit is whether the plaintiffs' motion for summary judgment is barred by the doctrine of res judicata.

### Background

The plaintiffs (Kellers) filed two suits, one at law (# L93-415) and the other in chancery (# C93-289), against the defendants (the Woods) in a dispute over the sale of an exclusive Tropical Sno distributorship at Pharmhouse in Spotsylvania County. The Kellers purchased the distributorship from the Woods for $22,000.00 on March 31, 1992. After operating the business for about eight months, the Kellers closed the kiosk and asked the Woods to buy back the distributorship or find a buyer for them. Shortly thereafter, the Kellers sold the operation for $8,000.00 to someone introduced to them by the Woods.

In each suit, the Kellers alleged fraud and a violation of the Business Opportunity Sales Act (Virginia Code § 59.1-262 et seq.). In each suit, the relief sought for violation of the Act was "return [of] the consideration paid" and compensatory damages, together with an injunction against future violations. In fact, the pleadings in each suit are virtually identical.

The law action was tried without a jury on March 14, 1995. Not mindful of the chancery suit, the court considered the pleadings in the law action, heard the evidence, and adjudicated all issues.

The court found for the defendants on the Kellers' fraud claim. With respect to the Kellers' claim under the Business Opportunity Sales Act, the

court took the matter under advisement. On March 22, 1995, in a six-page opinion letter, the court found in favor of the Woods. A final order reflecting the opinion was entered on April 11, 1995.

In its opinion, the court found that the Act applied to this transaction and that the Woods did not comply with the Act in several respects. Further, the court held that the Kellers had not properly availed themselves of the voidability provision of the Act (§ 59.1-268) and thus could not recover the purchase money. Finally, the court found that the Kellers could not prevail on their claim for compensatory damages because they had failed to prove that they have been injured by a violation of the Act.

The Kellers have appealed the law case to the Supreme Court of Virginia.

On June 19, 1995, the Kellers returned to this court on a motion for summary judgment in the chancery case. Their argument is as follows: The court decided in the law case that the Woods had not complied with the Business Opportunity Sales Act in this transaction. A letter from Kellers' attorney dated January 21, 1993, admitted as an exhibit in the law case, shows that the Kellers sought to void the contract within one year. Therefore, as a matter of law, the Kellers are entitled to recover the consideration they paid the Woods for the distributorship (less the amount for which they sold it).

The Woods filed no pleadings in response to the motion for summary judgment. They appeared by counsel, however, and argued that the court had held in the law case that the Kellers did not void the contract within one year and so that statutory remedy was not available to them. It follows, the Woods say, that the Kellers are precluded from relitigating that issue in the chancery case.

## Decision

Res judicata is the well-established doctrine that holds that a person cannot litigate a second time with the same person any question, controversy, or issue that has been finally determined upon the merits, by a court of competent jurisdiction, in a former suit. To sustain a plea of res judicata, it is necessary to show that the parties are the same, the issue is the same, and the issue has been decided. It is not always necessary that the matter should have been formally put in issue if the issue has been presented and the parties had the opportunity of bringing on evidence and

arguments before the court. See 8B M.J., *Former Adjudication or Res Judicata*, §§ 2 et seq., § 49.

The doctrine of election of remedies is a corollary rule, the purpose of which is to permit only one satisfaction for one cause of action and, further, to avoid harassment of a defendant by two suits when one would answer all the purposes of justice. See 6B M.J., *Election of Remedies*, § 2.

If a suit in equity and a law action touching the same parties and subject matter are pending at the same time, the court can compel the plaintiff, upon proper motion, to elect which he will prosecute. See 6B M.J., *Election of Remedies*, § 7; Bryson, *Handbook on Virginia Civil Procedure* (2d ed. 1989) p. 474. (Such a motion to compel election was not made in this litigation.)

This does not mean that plaintiff cannot plead alternative facts and legal theories or pray alternatively for inconsistent remedies. That is expressly permitted in modern Virginia practice. Rule 1:4(k); Virginia Code § 8.01-272.

However, here the Kellers' pleadings in both the law and equity suits were virtually identical; at trial of the law case, they presented evidence with respect to voidability; and the court specifically ruled on that issue.

It has been said that an election of remedies can be imputed to the plaintiff. The election is deemed to be made when final judgment is given on the issues raised. Actually, this concept is the same as that of res judicata. The election is imputed to the plaintiff to achieve a just result. See Bryson, *supra*, p. 475.

For these reasons, the Woods' position is well taken, and the Kellers' motion for summary judgment will be denied.

The parties shall take appropriate steps, on proper pleadings, to conclude the equity proceeding.